James R. CASE and Dorothy Case, his wife, Appellants,

v.

J.P. FELDER, M.D. and P.E. Stohr, M.D., Respondents.

No. 46606.

Missouri Court of Appeals, Eastern District, Division Three.

July 26, 1983.

Elbert Dorsey, St. Louis, for appellants.

Daniel A. Raniere, St. Louis, for respondents.

CRIST, Judge.

Dismissal of medical malpractice suit for failure to appear. We reverse and remand.

Through their lawyer, Robert A. Cedarburg, plaintiffs timely filed suit against defendants on June 4, 1973. The sequence of events culminating in the dismissal of the suit was as follows:

September 21, 1976—Lester A. Duggan, Jr. joined Cedarburg as plaintiffs' co-counsel.

June 8, 1981—Cedarburg was disbarred.

August 7, 1981—Duggan withdrew as plaintiffs' counsel leaving them without a lawyer.

October 8, 1981—The trial calendar of the circuit court of St. Charles County showing plaintiffs' case set for trial on November 9, 1981 was mailed to Cedarburg.

October 22, 1981—Notice of defendants' motion for continuance to be heard October 30, 1981 was mailed to Cedarburg and not to plaintiff.

October 30, 1981—Defendants' motion for continuance was called and passed to November 9, 1981. Plaintiffs did not appear in person or by counsel.

November 9, 1981—Cause dismissed because neither plaintiffs nor a lawyer for them appeared.

July 12, 1982—Plaintiffs refiled the suit through a new lawyer.

November 30, 1982—Defendant Stohr's motion to dismiss was granted on the ground that the November 9, 1981 involuntary dismissal was with prejudice.

As these facts demonstrate, on the date of the original dismissal of their petition (November 9, 1981), plaintiffs were without legal representation. Their original lawyer had been disbarred and his co-counsel had withdrawn by leave of the court. Since the notices of the case setting and motion for continuance were only sent to the disbarred lawyer (Cedarburg), plaintiffs had no notice or opportunity to be heard regarding the dismissal of their cause. Where plaintiff receives no prior notice, the dismissal is without prejudice to the refiling of the action. *Matter of Buford,* 577 S.W.2d 809, 829, 831 (Mo. banc 1979). Plaintiffs had one year to refile their suit and did so July 12, 1982. Section 516.230 RSMo 1978.

Judgment reversed and remanded.

CRANDALL, P.J., and REINHARD, J., concur.